LEWIS W. FLINN, MARTHA FLINN and EMILY R. FLINN, by their next friend ROBERT B. FLINN,

*vs.*

JOHN J. FLINN and JOANNA FLINN, executors of LEWIS C. FLINN, deceased, DAVID LYNAM and ELEANOR his wife, WILLIAM R. FLINN, JOHN J, FLINN, FRANKLIN Q. FLINN, EVAN T. FLINN, ROBERT B. FLINN, ISAAC W. FLINN and HONORINE E. FLINN.

*New Castle, Feb. T. 1868.*

The children of a testator, being entitled under his will to portions of the residue of his estate, to be held by the executors, at five per cent. per annum, " to be paid to them as they severally arrive at the age of twenty-" one years," with limitations over in the case of any who did not live to that age, were held entitled to so much of the interest as was necessary for their maintenance and education, to be paid over to their guardian for that purpose.

*S. C. 3 Del. Ch. 124.

An amendment of the bill permitted after the cause had been submitted upon bill and answer, and held under advisement for some months.

BILL IN EQUITY.—The complainants were the children of Lewis C. Flinn, deceased, and under his will were each entitled to one-third of two-thirds of the residue of his estate to be held by his executors at five per cent. *per annum* from one year after the testator's decease until they should respectively arrive at the age of twenty-one years, and subject to a limitation over as to the share of each upon his or her dying under that age.

The exact terms of the bequest were as follows :—

"Item. I will and bequeath to my lawful issue (if " there be any, and if such live to arrive at the age of "twenty-one years) the remaining two-thirds of said " residue or remainder of my estate, share and share alike, " to them, their heirs, and assigns forever."

"Item. It is my will that the legacies due to minors " be held in the hands of my executors at five per cent. "per annum from one year after my decease, to be paid to "them as they severally arrive at the age of twenty-one " years."

"Item. But in case of the death of any of the minor " heirs while in their minority then their share of my es- "tate shall be equally divided among my surviving "brothers and sisters or their lawful issue share and share " alike, and I constitute and appoint Joanna Flinn, (my " wife) and John J. Flinn and Evan T. Flinn executors of " this my last will and testament."

Upon settlement of the estate, two-thirds of the residue amounted to $15,710.27 and the share of each complainant was $5,236.75 and the accrued interest thereon at five per cent. was $261.83. The testator did not, in his will, make any provision for the maintenance and education of his children, the complainants, during their

infancy, and they had not otherwise any provision for such maintenance and education.

Robert B. Flinn was the guardian of the three complainants.

The relief sought was, that the executors should be directed to pay annually the accrued and accruing interest on their respective shares, to Robert B. Flinn their guardian, for the maintenance and education of the complainants during their minority.

The defendants, other than the executors, were the brothers and sisters of the testator and legatees over, in case of the death of any or either of the complainants, of the one so dying. In their answer these defendants stated that they "consent and agree, as but reasonable "and just, that the excess of the said interest over one " hundred dollars on the share of each" of the complainants should be paid annually for their maintenance and education.

The case was submitted on bill and answer at the Sept. T. 1867.

*Lore*, for the complainants.

*S. M. Harrington*, for the defendants.

On February 18, 1868, the case having been held under advisement to this time, upon the application of *Lore*, for the complainants, amendments of the bill were permitted, correcting the amounts of the residue and the interest as originally stated, and also setting forth that the annual allowance necessary for the maintenance of the complainants respectively should be "at least the excess of the said interest, on each share, above the sum of one hundred dollars, to wit, the sum of one hundred and sixty-one dollars and eighty three cents."

THE CHANCELLOR :—

It has always been the policy of Courts of Equity to make legacies to infant children available for their maintenance during their minority.   In order to accomplish this desirable end, such legacies have been made an exception to the general rule as to the time from which interest begins to run upon a legacy. It has therefore been uniformly held that legacies to infant children carry interest from the death of the testator and not from a year after as in other cases.   2 *Roper on Leg. Ch.* 20 *p.* 1245 *and note, p.* 1257 *et seq* ; *Beckford vs. Tobin*, 1 *Ves. Sr.* 308 ; *Hill vs. Hill*, 3 *Ves. & B.* 183 ; *Macpherson on Infants*, 234—41.

The same principle has been indirectly recognized, very emphatically, in cases where this exception has been referred to for purposes of illustration. *Lowndes vs. Lowndes*, 15 *Ves.* 301 ; *Raven vs. Waite*, 1 *Swanst.* 558 ; *Crickett. vs. Dolby, 3 Ves.* 17.

This exception to the general  rule holds good, whether the testator has expressly directed the maintenance of the children or no. *Pett vs. Fellows*, 1 *Swanst.* 561 *note.* If no maintenance is provided, then, the Court will give interest for the purpose of securing maintenance and, as appears from the cases already cited, the interest commences from the death of the testator because then the necessity arises.   The interest is allowed because the Court presumes it to have been the intention of the testator to provide  for the maintenance of his child.   *Leslie vs. Leslie, Lloyd & Gould.* 1 *and note.*   So if the testator expressly directs maintenance out of the legacy or its income, the direction will be held to apply from the time his of death.  In the case of children, it is immaterial whether there is a direction for maintenance or no.  The only distinction drawn between the two classes of cases, where maintenance is directed and where it is not, is that in the case of natural children and in other cases where the testator

puts himself in *loco parentis*, if maintenance be directed, the exception is extended to cover these cases and the interest runs from the testator's death, *Newman vs. Bateson*, 3 *Swanst.* 689 ; *Dowling vs. Tyrell*, 2 *Russ. & Myl.* 343 ; *Wilson vs. Maddeson*, 2 *Yo. & Colly.* 372. The American cases lay more stress upon the circumstance that there is no other provision for maintenance for the child, and in such cases interest is uniformly given and allowed from the death of the testator. This doctrine is very well stated by Judge Story, in *Sullivan vs. Winthrop*, 1 *Sumn.* 13, thus, "there are exceptions to the general rule, " as to interest on legacies, one is, where a legacy is given " by a parent to an infant child, who is otherwise unpro- " vided for ; for there, upon the presumed intention of the " parent to fulfill his moral obligation to maintain his child, " interest will be allowed, from the death of the testator, " as a maintenance for the child, when no other fund is " applicable for such maintenance. And this is equally " true whether a future time is fixed for the payment of " the legacy, or no time is fixed by the will."

To the same effect says Chancellor Kent, in *Lupton vs. Lupton*, 2 *Johns. Ch.* 628, "with respect to the ques- "tion of interest, it may be proper to observe, that the "general rule is, that a legacy payable at a future day, does "not carry interest, until after it is payable, unless it be a "legacy to a child, payable at a future day, and the child "has no other provision, nor any maintenance, in the mean- "time, allotted by the will. If there be no such provision, "the legacy carries interest immediately, on the presump- "tion that the parent must have intended that the child "should, in the meantime, be maintained at his expense."

In *Hite vs. Hite*, 2 *Rand.* 409, the legacy was $1,000 each to thirteen children, with direction to the executors to sell the estate and pay debts and legacies, and the residue was bequeathed to the same legatees ; there was no other provision for children. Interest was decreed to

the children from the death of the testator.  *Eyre vs. Golding*, 5 *Binney* 475, is a case resting upon the same principles as those last cited.

It will be observed that in these cases, as in the present one, there was in the will no provision for the children, except the legacies under consideration.  The decisions go somewhat beyond the necessary application of the law to those cases in saying that the absence of any other provision is necessary to bring the legacy within the exception as to interest and to entitle the legatee to interest from the death of the testator.  It may be remarked that the English cases, some of which I have referred to, and very many more it is unnecessary to cite, do not lay the same stress upon this circumstance and it may be questioned whether they sustain the limitation set up in these American cases.  Suffice it to say that this particular point is not necessary to be considered here, and therefore should not be determined.—because, in the will of their father, the complainants are wholly unprovided for otherwise than by these legacies.

A feature of this case, however, which should be adverted to. is the limitation over,  In many cases which have been adjudicated upon this subject the same feature was present.  In none of them is it treated as any objection to the relief sought.  Such legacies have been uniformly treated as vested legacies subject to a subsequent condition.  *Harvey vs. Harvey*, 2 *P Wms.* 20, is a case almost identical as to facts.  In *Bitzer's Ex'r vs. Hahn and wife*, 14 *S. & R.* 232, a legacy to children and grandchildren, limited over on the death of any one without issue, or under age, was held to be not contingent, but vested *in præsenti*, liable to be divested on the happening of a future contingency, in which case, it is said by the Court, the Court of Chancery always decrees interest until the infant comes of age.  A similar case was *Taylor vs. Johnson*, 2 *P Wms.* 504.

7—DEL. CH. IV.

The principle of treating as children, in this respect, those to whom the testator stood in *loco parentis*, has been extended to cover legacies to a niece, where payment was to be made when the legatee married or arrived at the age of twenty one, with a limitation over. *Archerly vs. Wheeler*, 1 *P Wms.* 783 ; *Nichols vs. Osborne*, 2 *Ib.* 419.

From many of the cases already cited, as well as many others which might be referred to, there can be no doubt of the power of this court to decree the application of interest upon such legacies the maintenance of the children.

The only points upon which any argument might be made, as to the effect of the authorities, are, how far the exception in favor of children may be extended beyond children to those to whom the testator stands in *loco parentis*, and whether, if there be any other provision in the will, the case may still be treated as within the rule allowing interest from the death of the testator. In the present case neither of these questions arise.

Nor is there any question here as to the allowance of interest or as to the time ; the only question here is as to the power of this Court to decree the application of that interest to the maintenance of the children. The cases cited simply shew how much farther the Courts have gone than is necessary to afford the relief now prayed.

I am therefore of opinion, that, in equity and according to the true intent and meaning of the testator, in the bequests made to his children, they are entitled to be allowed out of the annual interest of their respective shares a sum sufficient for their maintenance and education during their infancy.

The excess of interest on their respective shares above one hundred dollars appears from the bill and answer to be necessary for that purpose and that portion of the interest, accrued and to accrue, will be directed to be paid to their guardian for that purpose.