KITTY KNORR ET AL. v. JOSEPH B. MILLARD, EXR.

*Wills—Advances from accumulation fund—Error.*

1. A bequest to the children of a specified person, or to their survivors, to be placed at interest by the executor and equally divided when they become of age, and providing that if any of them die under age leaving children, the children shall take their shares, provides for an accumulation to be distributed at the times specified ; and the probate court has no power to require the executor to advance money from the fund. But such advances, if necessary to the

support of the beneficiaries, may be made by the circuit court in chancery on a proper original application.

2. The refusal of the circuit court to affirm a probate order to an executor to advance moneys from an accumulation fund to the beneficiaries under a will, does not present a common law issue, and cannot be brought up on writ of error.

Error to St. Joseph. (Pealer, J.) Jan. 24.—Feb. 6.

Appeal from probate order allowing advances to be made by an executor, from the estate. Petitioners therefor bring error on reversal of the order. Dismissed.

*H. P. Stewart* for appellants.

*Dallas Boudeman* for appellee, cited in opposition to the application for advances from an estate, 2 Williams on Executors (7th ed.) 1507; *Hinckley v. Harriman* 45 Mich. 343; *Miles v. Boyden* 3 Pick. 213; *Sparhawk v. Buell* 9 Vt. 41; *Kent v. Dunham* 106 Mass. 586.

CAMPBELL, J. Petitioners, who are infant legatees under the will of William Hutchinson, deceased, applied through their mother, Rebecca Knorr, as next friend, to the probate court for St. Joseph county, for an order on the executor to advance money from the income of the property in his hands for their support, on the ground that their father did not and could not adequately support them. The probate court granted the relief prayed, which was on appeal to the circuit court rescinded, and the case is brought here for review.

In the probate court the action proceeded on the ground that the income of the fund was designed to be expended, and not to be accumulated. The will, which divided testator's estate into five equal shares, gave four of these shares to a surviving sister and to the heirs of a deceased sister and of two deceased brothers. These four portions were disposed of absolutely and unconditionally. The fifth share he dealt with as follows: To his nephew Albert H. Knorr, father of petitioners, he gave the amount of his

promissory note held by the testator, for $150. The rest of the fifth portion he gave to Knorr's children or the survivors of them, to be placed at interest by the executor and divided equally between them when they should severally become of age, and in case any of them died under age leaving children, then to such children the share of their parents.

We are inclined to think this was designed to have the fund accumulated for distribution at the times specified. If so, the probate court does not appear to have any power to interfere.

But inasmuch as these bequests are not contingent except as to time of payment, and as the chances of all the children are equal, the power has been recognized in the court of chancery, in its administration of trusts, to provide for making necessary advances out of the income when the infants are otherwise likely to suffer, even where by the terms of the trust itself an accumulation is contemplated. The doctrine is fully discussed and cases cited in Perry on Trusts, sections 615–617 and notes. Our statutes have expressly provided for the application of this same doctrine to trusts in land. Comp. L., § 4106. [How. St. §§ 5555]. We see no reason why, on a proper original application to the circuit judge sitting in equity, on a petition with sufficient showing, he may not, if in his opinion the exigency warrants it, give such relief as will be proper, under such safeguards and conditions as will secure its honest use.

We have made this suggestion because the matter seems to have been brought up with a willingness on the part of the executor to act fairly and liberally, so far as his own safety will allow. But there is no way in which such aid can be granted on this record. This was an application originally to the probate court, and not to a court of chancery. The circuit court refused to affirm the order giving the relief, and we are asked to review such refusal on writ of error, which is not a proper form of writ to bring up such questions as present no issues of a common-law nature. See *Brinsmade's Appeal*, decided at this term, ante, p. 537.

The whole proceeding has been misunderstood. The parties must apply, if they desire relief, to the circuit court. We can make no suggestions in advance as to the propriety of granting or refusing aid, which must depend on such showing as will satisfy the circuit judge.

The present writ must be dismissed without costs.

The other Justices concurred.