ALICE S. PITTS *et al. vs.* R. I. HOSPITAL TRUST COMPANY.

PROVIDENCE—FEBRUARY 19, 1900.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Testamentary Trusts. Allowance for Maintenance of Infants.*

A testator, after devising a portion of his realty to his wife in fee simple and a portion for life with remainder in fee to his infant child, left the remainder of his estate in trust, $3,500 of which was to constitute a fund, the principal and interest of which might, in the discretion of the trustee, be applied to the maintenance and education of the infant after attaining the age of fourteen years. The income of the residue of the trust estate, in the discretion of the trustee, was to be applied to the education of said infant, the *corpus* to be kept intact and given to said infant with the accumulations in certain amounts at fixed periods of his

age. In the event of the decease of the infant before attaining the age of thirty-five years, the entire income of the trust fund was given to the wife for life, remainder to A., if living ; if not, to the heirs at law of the testator.

The realty devised to the wife was sold for a small sum and the money expended for the support of herself and the infant. The rental value of the life estate was not sufficient to provide for the support of the wife and infant and to pay the taxes and assessments, and a portion had been sold under tax levy. The trustee had paid the sum of $50 annually from the income of the second fund toward the education of the infant, but did not consider that it had the right to apply it to any other purpose. The wife was in very straitened circumstances.

Upon a bill praying that the trustee be decreed to pay over the total amount of the income and such portion of the principal of the trust funds as the court might order for the maintenance, support, and education of the infant:—

*Held*, that, the provision for the support of the widow and infant being inadequate, the income of the residue of the trust estate would be applied to the maintenance of the infant, it being the evident intent of the testator that the income should be applied first to the benefit of the inf for his education, and, second, on the contingency stated, to the wid for life, no one else being entitled thereto and the widow, the only oth person affected, joining in the bill.

*Held*, further, that equity will provide for the maintenance of infants out of their personal and the income of their real estate, not only when the will does not authorize an allowance, but when it expressly directs an accumulation of the income. It is essential, however, that the infant should have such an absolute title or interest in the property or its income that the right of no other person will be affected. Unless he have such interest the consent of any person entitled in remainder whose estate may be diminished in value must be had.

BILL IN EQUITY seeking the administration of a trust fund and its application to the support of an infant *cestui*. The facts are stated in the opinion. Heard on bill and answer.

MATTESON, C. J. The purpose of the bill is to obtain an allowance for the maintenance of an infant out of his estate. The case is as follows:

Charles F. Pitts died in Providence on September 20, 1894, leaving a will which was duly admitted to probate. The complainants, Alice S. Pitts and William Franklin Pitts, are respectively the widow of the deceased and his only child, now about six and one-half years of age, and the former is also guardian of the person and estate of the latter. By the third

clause of the will certain unimproved real estate was devised to the widow, which she has sold, so far as she has been able, and the proceeds of which amount to $1,785.   This sum she has expended in the necessary support of herself and child. Besides this unimproved real estate devised to the widow in fee, certain other improved real estate situated in Providence and Cranston was devised to her for life, with a remainder in fee to the child.   The estate is valued at $12,000, and the income therefrom, when fully rented, amounts to $600 per annum; but, by reason of the fact that some of the tenements have been vacant a part of the time, the payment of taxes and water rates, assessments for curbing and concreting of the sidewalks, the laying of drains, plumbing, piping, and other expenses for repairs and improvements on the property, its income has been wholly inadequate for the support of the complainants and they were unable to pay the taxes assessed against the property in Providence, including an assessment for curbing for the year 1898, and portions of this real estate were, in June, 1899, sold for the payment of such tax, and the tax assessed against the same for the year 1899 and the water rates for the same year are now in arrears, and the collector of taxes of the city of Providence threatens to levy on the estate and cut off the water supply unless the tax and water rates are paid.   The complainants allege that they have exhausted their resources to support themselves and to pay these taxes and expenses, and to this end the said Alice has mortgaged her household furniture, and the mortgagee has threatened to foreclose the mortgage.

The respondent, the R. I. Hospital Trust Co., was, by the will, appointed trustee of the estate of the minor, except the fee in the real estate, which was subject to the widow's life estate, and under the seventh clause of the will there is now in its hands, as trustee, the sum of $3,500, and also the net accumulated income to this time, amounting to $374.52, which fund and accumulated interest is directed by the will to be applied from time to time, in the discretion of the president for the time being of the trustee, for the necessary mainten-ance and proper education of said child after he shall have

attained the age of fourteen years. The respondent also holds, as trustee, the residue of the estate and property given to it by the will, the principal of which, at the present estimated value of the investments thereof, amounts to $16,910.14. The income of this second fund, under the provisions of the will, may be applied in the discretion of the trustee for the education of the child, but there is no provision for its application to his maintenance.

From the income of the second fund the trustee has paid over from time to time to the complainant Alice, as guardian of the infant William, $50 annually, to be applied to the proper education of the infant, as by the will directed, this sum being, in the discretion of the trustees and officers of the respondent under the trusts of the will, a liberal allowance for the purpose, considering the age of the infant. The respondent and its officers do not consider that it has or they have any right or discretion to apply the income of the second fund to any other purpose than the education of the infant, though had they deemed that they had such right or discretion the respondent admits that in the straitened circumstances of the complainants, as from time to time represented to its officers, it and they would have gladly applied the residue of the income of the second fund to the relief of the complainants. The accumulated net income of this portion of the estate now in the possession of the respondent is $528.85. By the eighth clause of the will, the principal of the trust estate in the hands of the respondent, except the fund of $3,500, is to be kept intact until distributed as follows: One-tenth of the principal with the accumulations thereof to the said child when he shall have attained the age of twenty-one years; one-tenth when he shall have attained the age of twenty-five years; one-tenth when he shall have attained the age of thirty years, and the remainder when he shall have attained the age of thirty-five years. By the third clause of the will, in the event of the decease of the child during the life-time of the widow and before attaining the age specified, the entire income of the estate is given to the widow during her natural life. Subject to these dispositions of his estate, the testator,

in the event of the death of his son before attaining the specified age of thirty-five, leaving no issue surviving, gives and devises the principal of the residue of his estate to Mabel Ingalls, and in the event that she has deceased, to his heirs at law.

The bill prays that the trustee may be decreed to pay over to the guardian of the infant, for his proper support, maintenance, and education, the total amount of the accrued interest in the estate in its hands, and also to pay over to her such interest as shall accrue in the future, and such portions of the principal of the trust fund for the same purpose as to the court shall seem meet, and for general relief.

(1) To provide for the maintenance of infants out of their personal and the income of their real estate, is an old and well-recognized branch of equity jurisdiction. Maintenance may be allowed not only in cases in which the will does not authorize an allowance, as in the present instance, but also where it expressly directs an accumulation of the income. It is essential, however, to the granting of the application that the infant should have such an absolute title or interest in the property or its income that the right of no other person will be affected by the allowance. Unless he has such an interest the consent of any person entitled in remainder, whose estate may be diminished in value by the allowance, must be had before the application will be entertained. *Greenwell* v. *Greenwell,* 5 Ves. 195; *Ex Parte Kebble,* 11 Ves. 603; *Errington* v. *Chapman,* 12 Ves. 20; *Errat* v. *Barlow,* 14 Ves. 202; *Marshall* v. *Holloway,* 2 Swanst. 432; McPherson on Infants, 232–234; Beach on Trusts and Trustees, §§ 356–357; Allowance for Maintenance of Infants, 11 Alb. L. J. 205.

In view of these principles we have reached the conclusion, after some hesitancy, that the bill makes a case for relief in so far as it asks for an allowance for the maintenance of the infant out of the income of the residue of the estate in the hands of the respondent. It was the evident intent of the testator that the income, at least, of this fund should be applied, first, to the benefit of his son, so far as it might be

needed, for his education; and second, in case of his death before attaining the ages specified; when he was to receive the principal, the entire income should be paid to the widow, if living, during her life. No one else is entitled to any part of the income, for the gifts over, which are made expressly subject to the prior provisions for the benefit of the son and widow, are limited to the *principal* of the residue, thereby clearly excluding the accumulations of income. The widow, then, is the only person besides the son whose interest will be affected by any allowance to be made, and she has joined in the bill asking for the allowance.

Though the will limits the application of the income of the residue of the estate to the *education* of the son, it is difficult to see how it can be made available for that purpose unless it be also applied to his maintenance. The other provisions of the will which the testator made for the support of his widow and son not being adequate, as he doubtless supposed they would be, this income must be applied to the son's maintenance as well as his education, for unless he can be properly supported he will be in no condition to be profited by the education.

We will hear the parties further as to the extent of the allowance to be made.

*George T. Brown*, for complainant.

*Tillinghast & Tillinghast*, for respondent.