Bennett v. Trust Co.

ALBERTA BENNETT, *by Next Friend, v.* NASHVILLE TRUST
COMPANY.

[(*Nashville.* December Term, 1912.)]

**WILLS.** Income of a legacy to be held and accumulated till
minor legatee becomes twenty-five may be permitted by chan-
cery to be currently used for education in a proper case.

Under a will giving a minor one. thousand dollars to be held
by the executor for her with all accumulations until she attains
the age of twenty-five years, when said sum with all accumula-
tions is to be paid to her, the chancery court, acting *in loco
parentis* or occupying the place of the testator and trust creator,
will do what it conceives would have been done by the testator
had he foreseen the situation and plight of his beneficiary, and
will grant permission to use currently the income of the trust
fund for the completion of the education of such beneficiary
whose intellectual promise, situation, and necessitous condition
warrant it, where the fund wholly belongs to such beneficiary,
and the grant of such relief will not affect the rights of any
other legatee or beneficiary under the will; and it is error to
dismiss such bill upon demurrer.

Cases cited and approved: Marsh v. Reed, 184 Ill., 263; Denegre
v. Walker, 214 Ill., 113; Knorr v. Millard, 52 Mich., 542; Matter
of Potts, 1 Ashm. (Pa.), 340; *In re* New, 2 Chan. (Eng.), 534.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.
—M. T. BRYAN, Special Chancellor.

JAMES T. MILLER, for complainants.

T. M. STEGER, for defendant.

Bennett v. Trust Co.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Charles B. Weakley, of Davidson county, left a will containing the following clauses pertinent to the issues for determination, to wit:

"Fifth.  To Alberta Bennett I give one thousand ($1,000) dollars to be held by my executor for her with all accumulations until Alberta attains the age of twenty-five years, when said sum with all accumulations is to be paid to her."

"Ninth.  I nominate and appoint the Nashville Trust Company as executor of this my last will and as testamentary trustee to execute the directions herein contained, and my said executor is hereby vested with full power to sell and dispose of any part or all of my estate for the purpose of carrying into effect the provisions of the will."

In intervening clauses various devises and legacies were made to which the language in the latter portion of the ninth clause refers.

Alberta Bennett, a minor, by next friend, filed a bill in equity in which it is alleged that she, the minor beneficiary, is a girl of intellectual promise now in high school in Nashville, and that it is necessary in order to the completion of her education that permission be granted to use currently the income of the trust fund affected by clause five of the will.  The situation and necessitous condition of the minor are set forth.

The Nashville Trust Company, trustee, answered that it was advised that it was its duty to hold the fund

under the fifth clause, with accumulations, until the minor complainant arrived at the age of twenty-five years; no other disposition being warranted.

The special chancellor to whom the cause was submitted decreed that a court of chancery was powerless to grant the minor the relief prayed, he being of opinion that the will unalterably fixed the *status* of the trust so that no allowance could be made for the minor's necessities, or to her at all, until she arrived at the age indicated by the will.

Nothing else appearing, it may be conceded that the special chancellor properly construed the fifth clause to effect a postponement until her twenty-sixth year of a distribution to or user by the minor of the income from the trust fund.

But is it a sound contention that under no circumstances can a court of equity order any part of such accumulations to be presently applied to the necessities of the beneficiary, however exigent, imperative, and unanticipated they may be?

In the minor's bill of complaint, it was asked that proof be taken to show the character and extent of her necessities. If a reference had been ordered and executed respecting such, and it had appeared that circumstances unforeseen by the testator had wrought such a change in her condition as that she was practically destitute, is it a sound contention that the arm of equity is too short to reach to and remedy her plight by a current application towards her needs of the income from a fund that is her own; and this because of the restriction

imposed by the testator on mere management? We think not.

It is to be noted that what is asked in complainant's behalf will not, on grant, affect the rights of any other legatee or beneficiary under the will. The *quantum* of her estate as *cestui que trust* is not to be enlarged. The court's action to the end sought would merely touch the management or mode of user, and would not proceed to even that limited extent if it were not made clearly to appear in proof that an exigency existed not contemplated by the creator of the trust, which, had it been in anticipation by him, would in likelihood have been provided for. A court of equity, acting *in loco parentis* or occupying the place of the trust creator, in such case, does what it conceives would have been done by the creator had he foreseen the situation of his beneficiary in a substitution of another course of management in order to the completer realization of his purposed bounty. If this be not competent to be done by a court of equity, it is not difficult to contemplate a situation in which the testator's purposed benefit would be defeated entirely; for example, a seizure of the beneficiary by a disease that would inevitably make her its victim before she had reached the age of twenty-five years.

The concept and doctrine may be of comparatively recent declaration and application, but the principle involved commends itself to the court as consonant with

justice and the development of an equity system along lines of sound polity.

In *Denegre* v. *Walker*, 214 Ill., 113, 73 N. E., 409, 105 Am. St. Rep., 98, 2 Ann. Cas., 787, quoting from *Marsh* v. *Reed*, 184 Ill., 263, 56 N. E., 306, the supreme court of Illinois, having under consideration the validity of a ninety-year lease of premises by a trustee in respect of which the testator had stipulated in his will "that no lease or demise shall be for a longer term or period than ten years," said: "The donor clothed the trustee with authority to rent the property and to collect the rents therefrom during the continuation of the trust, and in so doing placed a limitation upon the duration of any lease of the property to be made by the trustee. The effect of the decree is to enlarge the powers of the trustee in this respect, leaving the subject-matter of the trust in all other respects unimpaired. In other words, the decree does not defeat the trust, but was entered upon the theory that its provisions were necessary to carry into execution the design of the donor. The requirement that the leasing should be for periods not longer than ten years was no doubt dictated by the belief of the donor that the rental value of the property would increase, and that short terms of letting the property for rent would best conserve one of the ends he designed to secure, namely, to provide an income for his wife and his children. The business judgment of the donor was no doubt correct at the time, but in this instance, as is so frequently done in other cases, it is demonstrated that it is not within the power and judg-

ment of man to infallibly anticipate future events and direct that which shall be the wiser course to be pursued in after years. The question being one which relates merely to the better end and more judicious mode of managing and controlling the subject-matter of the trust in order that the design and wishes of the donor may be more completely accomplished, the stringent rule which properly obtains when the application is to devest the trustee of title to the property which is the subject-matter of the trust and vest such title in direct opposition to the will of the donor ought not to be given full application."

In *Knorr* v. *Millard,* 52 Mich., 542, 18 N. W., 349, it was held that, where a bequest is contingent upon the coming of age of the legatee, a court of equity has power to provide advancements out of the income where a minor beneficiary is about to suffer, and this although the trust itself contemplates an accumulation until such beneficiary comes of age, the court saying: "We see no reason why the court sitting in equity, on petition, with sufficient showing, may not, if in its opinion the exigency warrants it, give such relief as will be proper." See, also, Matter of Potts, 1 Ashm. (Pa.), 340; *In re New,* 2 Chan. (Eng.), 534; *s. c.,* 85 L. J. Rep. (N. S.), 174; 39 Cyc., 316, 443.

As we conceive the true rule to be, indicated above, the court will only so direct a use of such income in behalf of a beneficiary where an exigency, nonexistent at the creation of the trust, has arisen, which exigency is one not then anticipated by the testator; for, if the

testator saw or foresaw the plight of his beneficiary, and yet intended that his gift should be withheld until she matured in age, we would deem it to be beyond the power of the court to alter a purpose thus declared.

In dismissing the bill on the chancellor's construction of clause 5 of the will, without referring the case to the master for precedent proof and report as was prayed by complainant, the court below erred.

Reversed and remanded.