SHOHL, J.
This cause is heard here on appeal.
The action was brought under the provisions of Secs. 10857 and 10858 G. C., to obtain the direction of the court respecting the property to be administered under the trust created by the will of Franklin Alter, deceased.
The testator, a resident of Cincinnati, Hamilton county, *673 Ohio, executed his will in August, 1909. He died in February, 1916, and the will was duly admitted to probate in March, 1916. It is a document of some twelve printed pages. The questions arise under Item 6, which disposes of the residue of the property. It is devised and bequeathed to the trustees herein in trust for a period of ten years from the date of the testator’s death “to be held, managed, controlled and invested, and from time to time as need be reinvested by my said trustees * * * for the period of ten years from and after my death (for the benefit and advantage of my eight children) namely Franklin Alter, George A. Alter, Henry T. Alter, Robert S. Alter, Lucien W. Alter, Blanche Alter, Elizabeth T. Alter and Rebekah W. Alter. ’ ’ The trustees are directed to pay to each of said children $2500 per annum.
It is further provided: ‘ ‘ Should the net income of my estate be more than sufficient to pay each of my said children the sum of $2500 per annum, such excess shall go in augmentation and become a part of the principal of the estate.
The will provides that in the event of the death of any particular child before or after the death of the testator (leaving issue), the trustees shall pay annually to its issue per stirpes the portion of the parent. In the event of the death of any child leaving no issue, or leaving -issue all dying before the period of final distribution, that part of the income which was to have been paid to such child shall go in augmentation and become a part of the principal of the estate.
The trustees are directed to sell and dispose of the stock in the American Tool Works Company of Cincinnati, Ohio, within one year after the testator’s death, unless they shall unanimously agree to hold it for a period of three years, “then and in that event, I direct that said stock be sold and disposed of at the end of the last mentioned period. ’ ’
The will then provides: “At the end of ten years after the date of my death, I hereby authorize, direct and empower my Trustees and Executors, to convert my entire estate then remaining into money, except as hereinafter provided, and for that purpose I authorize and empower my Trustees and Executors to sell all my real estate then undisposed of and to convey *674 the same by good and sufficient deeds to the purchaser or purchasers thereof. When my estate is so converted into money, I direct that my Trustees and Executors, after the payment of all costs and expenses incident to the administration of my estate (shall pay the same out) subject to the advancements made by me as hereafter set forth, as follows:
1 One-eighth part thereof to my son Franklin Alter, and his heirs. ’ ’
The other seven eighths are given to the other seven children by language identical to that with reference to Franklin Alter. One of the children, Henry T. Alter, predeceased his father. He was childless, unmarried and intestate.
The first cause of action in the petition asks instructions as to the folowing matters:
(A) Whether or not the estates created by paragraph 6 of Item 6, of said will in each of testator’s children and their heirs is a vested estate, in fee simple in each of said children.
(B) Whether or not the estates so created by said paragraph 6 of Item 6, of said will, for said children can be mortgaged, encumbered, sold, and transferred by said children; or passed by their wills.
(C) Whether or not said children may by instruments in writing duly executed transfer or assign their interest in the estates so given to them by said paragraph 6 of Item 6, of said will, to take effect at once, and what form of instrument is necessary to effect said transfer and protect said trustees.
(D) Whether or not the now surviving children of said testator each of them own absolutely and in fee simple the one-seventh of the one-eighth of testator’s estate given by testator to his son Henry T. Alter by said paragraph 6 of Item 6 of said will.
(E) Whether or not said trustees now have the power under said will to sell the shares of stock owned by the estate in The American Tool Works Company of Ohio.
In the second cause of action the plaintiffs allege that at the time of the making of the said will the income from the estate of the testator was not substantially more than sufficient to pay to the eight children, then living, the sum of $2500 per an *675 num each, but that since the making of the said will, especially since about one year before testator’s death, his estate was greatly increased in value, so that at the time of his death, and ever since, the income of the trust estate has been vastly more than sufficient to pay the sum of $2500 to each of his (now) seven children, the income being in excess of the sum of $100,000 per annum.
By amendment to the amended petition it is further alleged that the plaintiff, Franklin Alter, is fifty and George T. Alter forty-nine years of age; that Franklin Alter was formerly in the revenue service of the United States government, and that at about the time of the death of his father he was deprived of his said office and salary, and it has been impossible for him to find employment; that he has a wife and children to support and has no other income than said $2500 per annum, which, under present circumstances and conditions is wholly inadequate for the support of himself and his family; that George T. Alter is now afflicted with heart trouble and in consequence thereof is unable to engage in any business or calling that will enable him to earn his own support; and that he is required to support his daughter and under present circumstances and conditions the sum of $2500 per annum is wholly inadequate for his needs.
The facts are not seriously in dispute. It is contended on behalf of the trustees that the testator’s children do not take a vested interest, but that they have, in the language of Holt v. Lamb, 17 Ohio St., 374, 387, an equitable right to have the property sold. Applying this doctrine, they maintain that the will in question creates gifts contingent upon their surviving the ten-year period. They cite Barr v. Denney, 79 Ohio St., 358 [87 N. E. 267], and the cases therein referred to. A vested interest is one in which there is a present fixed right either of present enjoyment or of future enjoyment. Page, "Wills, Sec. 656.
What, then, was the intention of the testator as evidenced by the language of the entire will? Undoubtedly the law favors the vesting of estates and unless a condition precedent to vesting-is clearly expressed courts incline to that construction which treats interests given under the will as vested in the donee at the death of the testator. See Bolton v. Bank, 50 Ohio St., 290 [53 *676 N. E. 1115]; Linton v. Laycock, 33 Ohio St., 128, and Brasher v. Marsh, 15 Ohio St., 103.
It will be noted that the testator has directed the division of an estate among specified persons, only by a direction to divide and pay. A bequest in the form of a direction to pay or to pay and divide at a future period vests immediately, if the payment be postponed for the convenience of the estate, or to let in some other interest. Hawkins, Wills, 232. The whole subject is treated in the note in L. R. A., 1918E, page 1097.
It appears from the entire will, however, that the testator intended that each of his children was to be the owner of one eighth of his residuary estate, even though he stipulated that for ten years the management should be withheld from them, and he further desired to restrict their enjoyment of it during that period. Unlike the case of Barr v. Denney, supra, the distribution is to beneficiaries now known. In the event that all of his children should die during the ten-year period, there is no disposition of the estate by the testator. If their gifts are contingent, and the conditions not fulfilled, the construction contended for on behalf of the trustees would make possible an intestacy as to the residuary estate. We hold that the will gives each of the surviving children a vested equitable interest. This conclusion disposes of the first four questions propounded. It is, however, only preliminary to the consideration of the application to increase the allowances of $2500 to each of the children, as the claim of plaintiffs is based upon the absolute ownership of the share, the income of which it is how sought to anticipate.
The evidence shows that plaintiff, George T. Alter, is a man now fifty years of age. He is afflicted with heart trouble, which not only impairs his ability to earn a livelihood, but tends to increase his requirements. His condition is such that there is a possibility, if not a probability, that a delay in the enjoyment of his father’s bounty may nullify the benefits to him of the gift itself.
The older brother, Franklin Alter, is now past fifty years of age, and has a family to support. In view of the increase in the cost of living, the amount provided by his father will not provide the kind or character of a livelihood which a testator, *677 writing his will in 1909, would have contemplated as the result of a gift of that magnitude. In arriving at the intention of the testator the court should as far as possible try to put itself in the position of the testator at the time of making the will. Jewett v. Jewett, 12 Circ. Dec. 131 (21 E. 278). It appears from the will that Franklin Alter in his lifetime made advances to those of his children whose necessities required it.
A review of the authorities, many of which are set out in the note in Bennett v. Nashville Trust Co., 46 L. R. A. (N. S.), 43 [127 Tenn. 126; 153 S. W. 840], leads us to conclude that where a testator gives an absolute and vested bequest but provides for a postponement of the enjoyment thereof, and when an exigency, non-existent at the creation of the trust arises, which is one not then anticipated by the testator, a court of equity may substitute another course of management of the trust fund, in order to bring about a more complete realization of the purposed bounty. It may order an acceleration of the enjoyment of income or principal of a trust which neither expressly or impliedly authorizes such a course to be taken. See Bennett v. Nashville Trust Co., 127 Tenn., 126 [153 S. W. 840; 46 L. R. A. (N. S.) 43] ; Pitts v. Rhode Island Hospital Trust Co., 21 R. I., 544 [45 Atl. 553] ; Rhoades v. Rhoades, 43 Ill., 239; Longwith v. Riggs, 123 Ill., 258 [14 N. E. 840] ; Enorr v. Millard, 52 Mich., 542 [18 N. W. 349], and Curtiss v. Brown, 29 Ill., 201.
It is not the mere convenience or even the benefit of the beneficiaries which will move the court to hasten the enjoyment of trust funds, but the necessity of varying the terms of the trust in order to give effect to the ultimate intention of its creator.
In the ease at bar the income which the estate is required to pay the beneficiaries is $17,500 per year. The record shows that for the past four years the average annual income has been in excess of $150,000. The principal is piling up, and belongs indefeasibly to the children of the testator, who stand by and are unable to procure the wherewithal to meet their obligations, and to educate their children in accordance with the station of life which is now their proper expectancy. Indeed, as the interests of the children are vested, they might be subject to execution, and the refusal of the court to accelerate the enjoyment of *678 the fund might result in loss of the fund in which no person has any interest but the legatees.
The court is of opinion that the case of George Alter presents a clear instance for the application of the doctrine set forth, and that the situation of Franklin Alter, while perhaps not so strong, likewise requires a similar order. The court will order an increase in the annual amounts directed under the will to be paid to each of them to $6000, subject to the further order of the court.
It will be noted that as to the share of each no other person can by any possibility have any interest in the fund except those who are the “issue” of the children of the testator, and their interest is only a contingent interest in the income during the remainder of the ten-year period. Our decision, therefore, cannot prejudice any person who might be interested, nor lessen the interest of any parties in the estate in any way whatsoever. It does not increase the quantum of the inheritance of George or Franklin.
As to the other children of the testator, their present situation shows no reason for the interposition of a court of equity. The trustees will be directed to charge the additional payment hereby ordered against the shares of George and Franklin respectively, so that on final distribution each of the brothers and sisters will get his full share with its accumulations.
Let us now take up the question as to whether the trustees have power under said will to sell the shares of stock in The American Tool Works Company, now owned by the estate. It is urged that they no longer have the right to sell the stock.
At the time of the death of the testator, the American Tool Works Company was a corporation organized under the laws of West Virginia. Thereafter, in 1918, its directors caused a corporation of the same name to be incorporated under the laws of the state of Ohio. The property of the West Virginia corporation was transferred to the Ohio corporation, and each of the stockholders thereupon received the same number of shares of the same par value in the Ohio corporation that he had previously held in the West Virginia Company. The assets of the corporations were identical. It is contended that this constitutes a *679 sale and that the trustees have, by consenting to- the foregoing, exercised and spent the power of sale given to them under the will.
It is apparent to the court sitting in equity that the change was one of form and not of substance, so far as constituting a sale was concerned. It was in effect the procuring of naturalization of the foreign corporation. The conduct of the trustees, in not taking action, while the question of their power tó do so was being litigated in the courts, was not improper. The trustees are directed by the will to sell ‘ ‘ at the end of ’ ’ the three year period. The power granted to the trustees was monitory in its nature and is not defeated by the delay in its exercise shown by the facts in this case. See 2 Perry, Trusts (6 ed.), Section 490 and note 5.
It appears further that all of the beneficiaries desired thát the stock now held by the trustees be not sold. They all join in urging that no sale be made. They contend that by their conduct they have now estopped themselves from calling the trustees to account if the trustees should comply with their request, and that therefore the trustees should be required to carry out their wishes since they now incur no liability thereby. It is not necessary for this court to determine whether the trustees would be protected if they-should acquiesce in the position of the legatees and carry out their request. The sole question upon which the direction of the court is asked is whether the trustees now have the power to sell.
In addition to the specific direction to sell the stock of The American Tool Works Company, the will authorizes the trustees to “hold, manage, control, and, from time to time, as need be, reinvest. ’ ’ So long as the trustee acts in good faith he is not subject to the control of the beneficiaries, nor of the courts, in the reasonable exercise of the discretionary power conferred upon him. See 2 Perry, Trusts (6 ed.), Sec. 509; also note, 8 L. R. A., N. S., 398.
The court, therefore, will not enjoin the trustees from making sale of the stock of the American Tool Works Company.
A decree may be drawn embodying the foregoing.
Hamilton and Cushing, JJ., concur.