COMMONWEALTH TITLE INSURANCE AND TRUST COMPANY, a corporation of the State of Pennsylvania, Guardian of Bayard Gray Sasse, a minor,

*vs.*

EQUITABLE TRUST COMPANY (formerly The Equitable Guarantee and Trust Company), a corporation of the State of Delaware, Trustee for Bayard Gray Sasse, a minor, by appointment of the Chancellor of the State of Delaware, under the will of John C. Sasse, Jr., deceased.

*New Castle, Feb.* 4, 1925.

Where sole provision for minor son in father's will took form of absolute gift in trust, with payment postponed, and with no defeasible contingency or remainder over, *held*, on clear showing that child was in necessitous circumstances and would otherwise be deprived of education, income might be used, notwithstanding provision for deferred payment of principal, "together with the interest accruing thereon."

BILL IN EQUITY. The bill seeks an application of the net income from a trust fund, or so much thereof as may be necessary, to the support, maintenance and education of Bayard Gray Sasse, a minor of the age of seventeen years, the only child of John C. Sasse, Jr., deceased. The trust was created by the will of the said John C. Sasse, Jr., in the following language:

"I hereby give, devise and bequeath unto my beloved son, Bayard Gray Sasse, in trust until he reaches the age of twenty-one years  *  *  *  the sum of ten thousand dollars ($10,000). The said sum to be deposited, or invested according to the best judgment of the trustees hereinafter named and by them paid together with the interest accruing thereon, to my son when he shall attain the age of twenty-one years as aforesaid and this trust shall then cease and determine."

The defendant is now the sole trustee. The trustee has heretofore added $3,434.50 of income to the principal of the fund and has in hand about thirty-five hundred dollars more of accumulated income which, as well as income to accrue in the future, it conceives it is under duty to retain in its hands until the beneficiary reaches the age of twenty-one years.

In behalf of the minor it is contended that the net income of the fund, or as much thereof as is necessary for the purpose, should

be paid over to the guardian for his support, maintenance and education. No provision other than the foregoing was made by the testator for his son. The mother is entirely without means to maintain and educate him, and he is now required to work for his own living.

*Reuben Satterthwaite, Jr.*, for the complainant.

*Charles F. Curley*, of the firm of Saulsbury, Curley and Davis, for the defendant.

THE CHANCELLOR. It appears that this young man is desirous of securing an education. It would be a hard case if the law required that none of his father's bounty could be devoted to that laudable end. The only language in this bequest which can in any wise be said to disclose an intent that the son should be without means of support and education during his minority is that which directs the payment of the principal sum to the son when he reaches twenty-one years of age "together with the interest accruing thereon." Conceding that this language amounts to a direction to accumulate the income, yet the law declines to draw from that fact the inference that the parent intended that his child should starve or remain in ignorance during the period of accumulation. The rule is well settled that when there is a gift by a parent to a child with payment merely postponed, and there is no limitation over, income may be applied to the maintenance and education of the minor, notwithstanding a direction for an accumulation of income, the child being in necessitous circumstances and no other provision being made for its support. In those cases where a limitation over is provided in the event of the child's death before reaching the specified age, the authorities have not entirely agreed upon how far the direction that income shall accumulate to the increase of the principal may be disregarded in the absence of the consent of those interested in remainder. But all agree that even in those cases, if the remainderman consents, the income is available to the child; and in so agreeing they clearly recognize the rule that as to the child the direction to accumulate may be disregarded. *Flinn, et al., v. Flinn's Ex'rs., et al.*, 4 *Del. Ch.* 44, involved a bequest to the testator's issue with a provision that the legacies due to minors should be held by the

executor's at five per centum per annum from one year after the decease of the testator "to be paid to them as they severally arrive at the age of twenty-one years," with remainder in case of the death of any minor during minority to the testator's surviving brother and sisters. While the main point in the case was whether the legacies to minors should carry interest from the date of the testator's decease rather than from one year thereafter, the Chancellor entertained no doubt as to his power to decree the application of the interest to the maintenance of the children. The consent of the parties interested in remainder removed from the case all questions concerning their rights and leaves the case as an authority upon the point that so far as the minors were concerned the testator's apparent direction to accumulate income was not to be implicitly followed, but might be disregarded in favor of the parent's presumed regard for the exigencies of his children's needs.

The unreported case of *Rau, Guardian, v. Security Trust and Safe Deposit Co.*, decided by Chancellor Nicholson at the March term, 1904, of this court, sitting in New Castle County, is an authority to the same effect. No opinion appears to have been filed in this case. The pleadings however and the decree entered thereon point unmistakably to the conclusion that the Chancellor's opinion was as just indicated. The language of the will in that case was as follows:

"And to the children of the said Mary E. Rau, living at the time of my decease, in equal shares, whatever sum of money may remain, after payment of the several sums aforementioned, out of the amount arising from the sale of the residue of my estate, the payment to the children of the said Mary E. Rau to be made when the youngest child living at the time of my death shall have attained the age of twenty-one years, the sum of money payable to said children to be, during the minority of the youngest child, invested at interest by the said Security Trust and Safe Deposit Company, and the interest arising therefrom to be paid over by said company with the principal sum in equal portions to said children; but if any child should die before such payment shall be made then and in that event, the sum of money that would have been paid to such child, shall be paid to his or her issue; and should such child die without issue, the sum of money, which he or she would have received, shall be paid to the surviving child or children of the said Mary E. Rau."

The bill sought to secure the net income for the support and maintenance of the minor children of Mary E. Rau and a demurrer

was filed on the ground that the trustee was not allowed to pay any income to the minors because of the testamentary direction that the income should accumulate and be paid with the principal. The decree is inconsistent with this contention, for it directs the income to be paid to the guardian of the minors. While other questions inhered in this case (though whether they were raised or not I have no means of knowing)—such for instance as (a) whether the testator stood in *loco parentis* to the children of Mary E. Rau, his daughter, and whether in such case the general rule as to application of the income to present needs was permissible, and (b) what if any effect the provision for cross-remainders among a class would have—it remains true that however these questions if raised were treated, such a decree could never have been entered as is found in the record of the case unless the Chancellor had been of the opinion that the provision directing an accumulation of the income was subservient to the needs and necessities of the minor beneficiaries.

The present case does not call for a consideration of the numerous questions that might arise in connection with bequests of this type. Here we have the very simple case of a father's sole provision for his minor son taking the form of an absolute gift with payment postponed, with no defeasible contingency nor remainder over, and the question is whether, upon the clear showing of pressing needs, the child may enjoy enough of the income to provide for his proper care and development during minority, or must he struggle along in poverty and possibly grow into ignorance as a consideration precedent to the enjoyment of the provisions which his father made for him. The principle which governs such cases is that the provision for an accumulation is only directory and made in the presumed interest of the dependent child; but that when that interest is shown to be adversely affected by a strict observance of the direction, the law will consider that the parent meant his direction to give way to the extent necessary to meet the necessities of his off-spring. Not only are the Delaware cases before referred to in harmony with this principle, but so are the following from other jurisdictions: *Tompkins v. Tompkins*, 18 *N. J. Eq.* 303; *Corbin v. Wilson*, 2 *Ashm.* (*Pa.*) 178; *Pitts, et al.*, *v. Rhode Island Hospital Trust Co.*, 21 *R. I.* 544, 45 *Atl.* 553, 48 *L.*

*R. A.* 783, 79 *Am. St. Rep.* 821; *Harvey v. Harvey,* 2 *P. Wms.* 21, *Mole v. Mole, Dickens,* 310; *Greenwell v. Greenwell,* 5 *Ves., Jr.* 194; *Ex parte Kebble,* 11 *Ves. Jr.* 606; *Turner v. Turner,* 4 *Sim.* 430; *Havelock v. Havelock,* (1881) 17 *Ch. Div.* 807. The English cases among the foregoing are not in harmony upon some of the questions that arise out of the sort of situations we are now dealing with. But upon the simple proposition that the facts of the instant case present, there is no discord.

After hearing the parties upon the question of how much should be allowed out of income for the minor's maintenance and education, a decree will be entered in accordance with this opinion, costs to be borne by the trust estate.