### In re SAXE'S WILL.
No. 18361.

Circuit Court, Sarasota County.

March 30, 1965.

48

John Fite Robertson of Robertson, Robertson & Walker, Sarasota, for petitioner.

Robert A. Kimbrough, Sarasota, guardian ad litem for minors.

JOHN D. JUSTICE, Circuit Judge.

This matter, coming on to be heard on the petition of the Palmer First National Bank and Trust Company of Sarasota, as trustee of the trust created under the last will and testament of Irla Zimmerman Saxe, deceased, wherein the said trustee seeks a modification to meet an emergency of the residuary beneficiary of the trust; and,

It appearing to the court that Irene Smith Saxe, a life beneficiary in a limited amount of the said trust, has filed her waiver and consent to the invasion of principal of the trust; that, after due and legal constructive service of process on Robert Michael Pickett, Laurie Ann Pickett, Ragnar Allen Engebretsen, Elyse Ann Engebretsen, David Edward Engebretsen, and Ursula Helene Engebretsen, the minor children of Judith Pickett (who was named and designated in the will of the testatrix as "Judy"), Robert A. Kimbrough, a practicing attorney of this court, was duly appointed as guardian ad litem of said minors and has filed his answer in this matter; and

It further appearing to the court, from the files in this cause, that the testatrix, Irla Zimmerman Saxe, after making certain specific bequests, which were duly paid by the executor, created out of the residue of her assets the trust being administered in this cause; that, under the terms and provisions of said will, Carbys Albert Saxe, now deceased, the only son of Irla Zimmerman Saxe, was to receive and did receive during his lifetime the sum of $1,200 annually from the said trust, together with his doctors and medical bills; that since his death Irene Smith Saxe, who was the wife of Carbys Albert Saxe at the time of the execution of the will and at the time of the death of the testatrix, and who is still living, has received and is receiving the $1,200 annually and medical payments provided for under the trust; and

It further appearing to the court that at the time the trust was funded the assets amounted to $50,460 and that on December 31, 1964, the trust assets, after the payments to Carbys Albert Saxe and Irene Smith Saxe, as above set forth, have by prudent management and investment by the trustee increased to the amount of $87,489.95; and

It further appearing to the court from the files in this cause that Judith Pickett is designated the residuary beneficiary at the time of the death of Irene Smith Saxe of all of the remaining assets of the estate; and

It further appearing to the court that Judith Pickett has been married twice, that she has four children by her first marriage and two children by her second marriage; that the children of the first marriage are now in the custody of their father and that the children of the second marriage are now in the custody of Judith Pickett, and that, for reasons not necessary to disclose here, it has become necessary for Judith Pickett to divorce her second husband; and

It further appearing to the court that in December, 1964, Judith Pickett, who has been earning a livelihood for herself and the two minor children in her custody as an organist, was the victim of a serious automobile accident, which placed her in the hospital and has incapacitated her up to the present time to where she has not been able to resume her profession as an organist and that she is now in destitute circumstances; and

It further appearing to the court that although courts of chancery have jurisdiction over the administration of trusts, as a rule such courts are most reluctant to change or modify any of the terms or provisions of a trust except in the case of an extreme emergency; and

It further appearing to the court that this is a case of an extreme emergency whereby Judith Pickett desperately needs funds at this time for the maintenance of herself and the minor children who are living with her, and that this is a case which is well within the purview of the law as set forth in article 168 of Scott's Second Edition on Trusts (Bennett v. Nashville Trust Co., 127 Tenn. 126, Ann. Cas. 1914 A, page 1045) ; in 54 Am. Jur. Trusts 285; and in 1 A.L.R. page 192 (In re Cosgrave, 225 Minn. 443).

The court, therefore, in this extreme emergency exercises its unusual power in the administration of the trust and authorizes, empowers and directs the Palmer First National Bank and Trust Company of Sarasota, as trustee under the last will and testament of Irla Zimmerman Saxe, deceased, to pay immediately to Judith Pickett the sum of $2,400 from the trust assets and, upon such payment, the trustee shall be relieved of all other and further responsibility for the funds so paid. Except as herein provided, the administration of the trust shall continue as it has in the past.