THE SUPREME COUNCIL OF THE CATHOLIC MUTUAL BENEFIT ASSOCIATION v. ELEANOR FIRNANE, BRIDGET FIRNANE ET AL.

*Inheritance—Posthumous children.*

A man, in contemplation of his marriage, made a will in which he devised half of his property to his intended wife, and the rest to his sister in trust for his father's family. He died in a little more than a year after his marriage, and twin posthumous children were born and died within a few weeks after his death. Among his assets was a life insurance policy in a mutual benefit association, but the avails of the policy were not subject to administration as part of his general estate, and were not liable for claims of creditors. *Held* that under the statutes of Descents, Wills and Distributions, which provide for children born after the making of a will, the wife was entitled to one-third of the insurance fund in the right of each of the children, and to half the remainder under the will. Comp. L. §§ 4309, 4321, 4346, 4377.

The rights of posthumous children in their father's estate vest immediately, subject to the contingencies of administration.

Appeal from the Superior Court of Detroit. (Chipman, J.) Jan. 11.—Jan. 18.

INTERPLEADER bill. Defendant Eleanor appeals. Reversed.

*John G. Hawley* for appellant. Marriage and the birth of posthumous children *ipso facto* revoke a will which disposes of the whole estate : 1 Redf. on Wills ch. vii § 1 subd. 6 ; *Warner v. Beach* 4 Gray 162 ; *McCullum v. McKenzie* 26 Ia. 510 ; *Fallon v. Chidester* 46 Ia. 588 ; *Tate v. Tate* 89 Ill. 42 ; *Garrett v. Dabney* 27 Miss. 335 ; *Davis'*

*Estate* 1 Tuck. Surr. 107; the fact that the will is made in contemplation of marriage and makes provision for the wife makes no difference: *Brush v. Wilkins* 4 Johns. Ch. 506.

*Brennan & Donnelly* and *John Atkinson* for appellees. The power of a testator to dispose of his interests in a mutual benefit association, in his will, is in the nature of a power of appointment: *Arthur v. Odd Fellows' Ben. Soc.* 29 Ohio St. 557; *Maryland Mut. Ben. Soc. v. Clendinen* 44 Md. 429; *Marlborough v. Godolphin* 2 Ves. 61; *Bull v. Vardy* 1 Ves. Jr. 270; revocation of a will by subsequent marriage and the birth of children affects only the general estate and does not revoke the appointment of the beneficiaries of a fund: 1 Redf. Wills 297; *Re Mason* 30 L. J. Prob. 168; *Logan v. Bell* 1 C. B. 872; 1 Jarman Wills 122, 123; an instrument may be invalid and inoperative as a will, but valid as an execution of power: Perry on Trusts § 511*a*.

COOLEY, J. The question in this case arises upon the will of Michael Firnane, who was husband of defendant Eleanor Firnane and brother of defendant Bridget Firnane.

Mr. Firnane's will bears date of July 26, 1880, the day before his marriage. In it he gives the intended marriage and his being about to go upon a journey as the occasion for making the will. He gives to his intended wife "one-half of all his property, of all kinds, real and personal," that he may die possessed of, and the other one-half to his sister Bridget in trust for his father's family. The concluding clause of the will is as follows: "For the convenience of my executor I say that all evidence of my estate, real and personal, is found in my desk and tin box; deeds, mortgages, and notes, and one-half interest in the firm of Hawley & Firnane, and a life-insurance policy of $2000 in the C. M. B. A." These letters indicate the Catholic Mutual Benefit Association, and the question of the right to the moneys mentioned in this policy is all that is involved in this suit. In the Superior Court one-half was awarded to the plaintiff and the other half to the defendant.

The facts occurring subsequent to Mr. Firnane's marriage, and which may have a bearing, are the following : Mr. Firnane died August 22, 1881. Special administration was granted upon his estate September 5, 1881. About September 25, 1881, twin posthumous children were born to him, both of whom died a few hours after their birth. October 4, 1881, the will was duly probated in the probate court for the county of Wayne. William Aikman, Jr., who was named executor in the will, renounced the trust, and on November, 16,1881,the widow was appointed administratrix *cum testamento annexo*, and received letters accordingly. A controversy then arising respecting the right to the insurance moneys, the Benefit Association filed a bill of interpleader, and upon that bill a decree for interpleading was duly made. The present appeal is from the decree in the interpleader suit.

The Benefit Association is a New York corporation, and, by the provisions of the act under which it is incorporated, the beneficiary fund or insurance money is to be paid over to whomsoever the party insured should in his life-time appoint, and the same is to be " exempted from execution," and not " liable to be seized, taken, or appropriated by any legal or equitable process to pay any debt " of the party insured. The fund is evidently intended to be a provision for the family, and not to become a part of the general estate. *Supreme Council v. Priest* 46 Mich. 429. The fact is perhaps not important to the present controversy, as no debts are in question, and for all purposes of distribution the testator has declared it to be a part of his estate. The question is, therefore, one of distribution under the will, and under such provisions of statute, if any, as may have application.

By statute Comp. L. § 4346 it is provided that " when any child shall be born after the making of his father's will, and no provision shall be made therein for him, such child shall have the same share in the estate of the testator as if he had died intestate ; and the share of such child shall be assigned to him as provided by law in case of intestate

estates, unless it shall be apparent from the will that it was the intention of the testator that no provision should be made for such child." Another section provides that "posthumous children are considered as living at the death of their parents." Comp. L. § 4321.

If the section first above recited is applicable to the case of these posthumous children, then at their birth they each became entitled to one-third of this estate, leaving but one-third to pass under the will to the widow and sister. Comp. L. § 4377 subd. 6. There is nothing in the suggestion made by the defense that their interests did not vest while administration was pending and consequently never vested at all: the administration had nothing to do with this fund, which was not, as is said above, a part of the general estate; though even if it had been, the rights of the children would have vested immediately, subject to the contingencies of administration. And whatever vested in them passed, under the statute, when they died, to the mother. Comp. L. § 4377 subd. 6; Ibid. § 4309 subd. 4. The question then is whether, being posthumous children, they took at all. It is argued that they did not, because the Statute of Wills does not in terms mention posthumous children, and the history of the statute, from its origin in early Michigan legislation, has been gone into for the purpose of demonstrating that it was not the intention of the Legislature that posthumous children should be embraced. The argument has not convinced us. There is no good reason why it should not embrace them as well as those born in the life-time of the father, and it is not at all likely that the Legislature would purposely have made the benefits of the statute depend on whether the children were orphaned before or after birth. A sufficient reason for not specifically mentioning posthumous children in the Statute of Wills appears in the other section recited above, which is general in its application, and therefore dispenses with any necessity for the repetition of its provisions in other parts of the statutes.

It follows that Mrs. Firnane is entitled to two-thirds of the

fund in the right of her children and to one-half the remainder under the will.

Decree must be entered accordingly, with costs of both courts.

The other Justices concurred.