Kittie Knorr et al. by Tindal H. Calam, next friend v. Joseph B. Millard, admr. for Wm. Hutchinson.

57 265
120 278

*Trust fund—Appropriation from income—Infant beneficiaries.*

1. Infant beneficiaries can in a case of necessity file a petition in chancery by their next friend for an appropriation from the income of the trust fund to be used in their support and education.
2. Where a fund is left by will for the benefit of the children of a designated person, a child born after testator's death is entitled to share in it.

Appeal from St. Joseph. (Pealer, J.) June 3.—June 10.

Petition for appropriation of income from trust fund. Respondent appeals. Affirmed.

*Dallas Boudeman* for appellant.

*H. P. Stewart* for petitioners appellee.

Sherwood, J. The petitioners in this case are all legatees under the following clause of the last will of the late William Hutchinson, of Three Rivers, in St. Joseph county, deceased, viz. :

" *Fifth.* To my nephew, Albert H. Knorr, I give, devise and bequeath the sum of one hundred and fifty dollars, and no more, being the amount of a certain promissory note given

to the Manufacturers' National Bank of Three Rivers, which I paid for him, and the residue of the remaining one-fifth of my estate, after deducting therefrom the one hundred and fifty dollars aforesaid, I give, devise and bequeath to the children of my said nephew, Albert H. Knorr, or to the survivors of them, to be placed at interest by my executor, and divided equally between them when they severally become of age ; and should any or either of them die before coming of age and leave children, then the share of the child deceased shall be given to them. And I do nominate and appoint Joseph B. Millard, of Three Rivers, Michigan, to be the executor of this my last will and testament."

The following clause of the petition represents the condition of the said Albert H. Knorr and his children : The petitioners are all minors, the youngest having been born since the death of the testator, and the petition is presented and filed by their next friend, Tindal H. Calam, and represents that the children of said Albert " are in a destitute condition, and unable to support and educate themselves, and unless a portion of the funds in the said executor's and trustee's hands is used, your petitioners will be compelled to rely upon the charity of the public for their support;" and prays that the executor of said last will, who is defendant in this case, and who has the trust funds in his hands, " may by an order or decree require the said Joseph B. Millard to pay out of the income from the said trust funds in his hands such an amount to be used in the support and education of petitioners as may be necessary for that purpose, and as to the court may seem just."

The defendant appeared and answered the petition, and in the response thereto admits the probate of the will, and his appointment and acceptance of the trust as executor thereof, and that petitioners are the children of Albert H. Knorr, and are all minors ; that he has the legacies devised to them, but does not admit that the father is unable to support them, or that they are unable to support themselves, and denies that they are destitute, and avers that the court has no authority to determine the matter mentioned in the petition, or grant the relief prayed for, or that the petition can be filed by next friend, and asks that the petition be dismissed, with costs.

Proofs were taken in open court, after which, upon the hearing had upon the petition, answer, and proofs taken, Judge Pealer made the following decree:

" It is ordered, adjudged and decreed that the defendant Joseph B. Millard, executor and trustee for said three petitioners as aforesaid, pay out of the income of the fund in his hands to the guardian of said Joseph, Mattie and Reginald Knorr the sum of one hundred dollars for each of them, and that each year thereafter he pay the said three petitioners' guardian the sum of one hundred dollars each until each shall come of the age of eighteen years, to be used by said guardian in the support and education of said petitioners, except such sum as may be necessary to meet the expenses of litigation in this matter, which sum the said guardian is hereby authorized to use for that purpose, and account for in settlement with probate court. It is further ordered that said defendant Joseph B. Millard pay the said sum of money above set forth within ten days from service upon him of a copy of this order, and that the first of the year above mentioned dates from the tenth day of November, 1884, and that all and every sum paid pursuant to this decree be allowed him in settlement of his accounts with probate court. It is further ordered that the petition be dismissed as to Kittie and Dora Knorr, without costs. And it is further ordered that the costs and expenses of said Joseph B. Millard, as such trustee, in the defense of this cause, including the register's fees in this cause, be allowed him in his settlement as such trustee in his account with the probate court."

The proceeding seems to be proper, and one indicated in the case when the matter was before this Court in *Knorr v. Millard* 52 Mich. 542. In that case the Court said : " But inasmuch as these bequests are not contingent except as to time of payment, and as the chances of all the children are equal, the power has been recognized in the court of chancery, in its administration of trusts, to provide for making necessary advances out of the income when the infants are otherwise likely to suffer, even where by the terms of the trust itself an accumulation is contemplated. The doctrine is fully discussed and cases cited in Perry on Trusts, §§ 615–617 and notes. Our statutes have expressly provided for the application of this same doctrine to trusts in land.

Comp. L. § 4106 [How. Stat. § 5555.]   We see no reason
why, on a proper original application to the circuit judge
sitting in equity, on a petition with sufficient showing, he
may not, if in his opinion the exigency warrants it, give such
relief as will be proper, under such safeguards and conditions
as will secure its honest use."

The infants appear by next friend in making and filing
the petition, and taking the proceedings had in this case.
This was proper, and the proofs taken fully support the aver-
ments contained in the petition, so far as it relates to the con-
dition of the parents, and that of the minor children men-
tioned in the decree.   We think the allowance made for the
support and education of these minor children reasonable and
proper.

The birth of the youngest child after the death of the tes-
tator does not affect his right to share in the fund with the
rest of the children, and the decree at the circuit is in all
things

Affirmed.   No costs will be given.

The other Justices concurred.