BASSIER *v.* J. CONNELLY CONSTRUCTION CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ILLEGITI-
MATE CHILD OF DECEASED'S DAUGHTER LIVING IN A FOREIGN STATE.
NOT A DEPENDENT.

> Where the illegitimate child of a daughter of a deceased
> workman lived in a foreign State she was not entitled
> to compensation under the workmen's compensation act
> (2 Comp. Laws 1915, § 5436, subd. [c]), being neither a
> "lineal descendant" nor a member of his family, within
> the meaning of said statute, although he contributed to
> her support.

Certiorari to Department of Labor and Industry.
Submitted April 9, 1924.     (Docket No. 13.)     De-
cided June 2, 1924.

Madeline Bassier, an infant, by Clementine Barbyon,
her guardian, presented her claim for compensation
against the J. Connelly Construction Company for the
accidental death of her decedent in defendant's em-
ploy.     From an order awarding compensation, de-
fendant and the Standard Accident Insurance Com-
pany, insurer, bring certiorari.     Reversed, and order
vacated.

*Keena, Lightner, Oxtoby, Hanley & Crawford (Ezra
W. Lockwood, of counsel),* for appellants.

*John J. Gafill* and *Frederic T. Harward,* for appellee.

FELLOWS, J.     The workman met his death through
an accident which arose out of and in the course of
his employment.     Plaintiff, the sole claimed depend-
ent, is the illegitimate child of his daughter.     She
has lived at Eecloo, Belgium, with one Clementine

On the question as to whether an illegitimate child is a de-
pendent within the meaning of workmen's compensation law,
see note in 13 A. L. R. 704.

Barbyon who took her after her mother's death. De-. ceased contributed to her support but she was not a member of his family. Counsel agree that the case is controlled by the following provision of subdivision (c) of section 5436, 2 Comp. Laws 1915:

"No person shall be considered a dependent, unless a member of the family of the deceased employee, or bears to him the relation of husband or widow, or lineal descendant, or ancestor, or brother or sister."

In *Roberts* v. *Whaley*, 192 Mich. 133 (L. R. A. 1918A, 189), this court held that illegitimate children of the workman who resided with him and were maintained by him were dependents within the meaning of the act. In this holding we were in accord with the great weight of authority in States having statutory provisions similar to ours. The case has been frequently cited by courts of other jurisdictions, and as a general rule where a different result has been reached it was due to a different statutory provision. We shall consider some of the cases from other jurisdictions presently. In *Holmberg* v. *Cleveland-Cliffs Iron Co.*, 219 Mich. 204, we held that a cousin who for 27 years had been a member of the deceased workman's family was a dependent within the meaning of the act. In *King* v. *Peninsular Portland Cement Co.*, 216 Mich. 335, an award to minor children, said by the wife to be illegitimate, was affirmed, but we there held that public policy forbade the wife from so testifying and that such testimony should not be considered even though it had not been objected to. In the instant case a different situation is presented. The claimed dependent is not the illegitimate child of the workman but of his daughter. She had never lived in this country and was not a member of his family. If defendant is liable such liability must be predicated on the theory that she is a lineal descendant of deceased.

I shall first consider some of the cases from other jurisdictions having under consideration the same question presented in the *Roberts Case.*   In *Gritta's Case,* 236 Mass. 204 (127 N. E. 889), under a statute similar to ours it was held that illegitimate children could not come within the term "children" found in the act but where they were members of the family they could come within the term "family" and liability was sustained.   *Roberts* v. *Whaley, supra,* was cited to sustain the holding.   *Scott's Case,* 117 Me. 436 (104 Atl. 794), is an interesting case.   *Roberts* v. *Whaley, supra,* is considered at some length and followed but it was expressly stated:

"We do not think that illegitimate children come within the class defined in paragraph (*c*) of subdivision VIII of sec. 1 of chap. 50, R. S., and so are conclusively presumed to be dependents of a deceased parent.   Notwithstanding the rule of liberal construction expressly enjoined upon those interpreting the act, the application of the familiar rule of construction, '*Expressio unius est exclusio alterius*,' seems to us upon reason and authority to be proper in this instance."

The Maine statute contains a "family" provision similar to ours and the provision cited by the court as being inapplicable has reference to the "child or children" of the deceased.   *Roberts* v. *Whaley, supra,* was cited in *Piccinim* v. *Connecticut Light & Power Co.,* 93 Conn. 423 (106 Atl. 330), and under a "family" provision similar to ours (Gen. Stat. Conn. 1918, § 5388) illegitimate children who were members of deceased's family were held to be dependents.   But the court declined to follow the contention of counsel that such position was strengthened by the other provision of the act having reference to children.

The Maryland act (Act No. 101, Anno. Code of Maryland) does not contain the "family" provision found in our act.   In *Scott* v. *Independent Ice Co.,*

135 Md. 343 (109 Atl. 117), the court of appeals of that State had before it the question of whether the provisions of the act (§ 36) making "child or children under the age of sixteen years" dependents applied to illegitimate children.    There was a careful review of the authorities including *Roberts* v. *Whaley, supra,* and it was held that in using the word above quoted the legislature had reference only to legitimate children.    The court does not seem to question the propriety of the holding in the *Roberts* and other cases under statutes having the "family" provision but holds that the word children means legitimate children and does not include illegitimate offspring.    A similar result was reached in New York in *Bell* v. *Terry & Tench Co.,* 177 App. Div. 123 (163 N. Y. Supp. 733), where the construction to be given the words "child" and "children" in the New York act was under consideration and it was held that the words meant only legitimate children and excluded illegitimate ones.    The New York court has also held that the adopted child of a daughter of a deceased workman was not a dependent within the meaning of the New York act. *Winkler* v. *New York Car Wheel Co.,* 181 App. Div. 239 (168 N. Y. Supp. 826).    But it was held in *Yeople* v. *Rose Co.,* 182 App. Div. 438 (169 N. Y. Supp. 584), that a grandchild who had been given to the grandparents when only a few days old and who had always lived with the grandparents was a dependent of the grandfather.    No question of legitimacy was involved in this case, however.    The Illinois act does not contain the "family" provision found in our act and in *Murrell* v. *Industrial Commission,* 291 Ill. 334 (126 N. E. 189), it was held that its provisions did not extend to illegitimate children.    It was there said:

"The workmen's compensation act mentions only children by which is ordinarily meant legitimate children, and there is no word in the act which indicates that the legislature used the word in any other

than its ordinary sense.   Indeed, in paragraph (*b*) the words 'or other lineal heir,' used in connection with the words 'any widow, child, parent, grandparent,' seem to imply that the child, parent, grandparent mentioned must be a lineal heir,—that is, that the relation must be legitimate."

Cases under the British act will be found holding that illegitimate children of the workmen are under certain circumstances dependents within the meaning of the act and by the act of 1906 parliament included grandparents of illegitimate children within its purview.   6 Edw. VII, p. 337.

A consideration of these cases makes it clear that illegitimate children of the deceased employee are not dependents unless: (1) the statute contains provision for the members of the family of the deceased, *and* (2) the illegitimate child is at the time a member of the family; that both must concur, and that the words "child," "children," "lineal heirs," and similar words are to be given their ordinary and accepted meaning and refer only to legitimate children and issue and do not include illegitimate issue.   The words used in our act, "lineal descendants" has a well-understood meaning; it does not require the prefix "legitimate" to have it understood to mean lawful issue.   It is used to distinguish from collateral descendants.

"Lineal Descendants.   Direct descendants, but not brothers and sisters; a term which is said to be synonymous with issue.

"Lineal Descent.   A term used to designate a descent from father to son, or grandfather to grandson."   25 Cyc. p. 1442.

"Lineal.   In a direct line.   Lineal descent would be as from father or grandfather to son or grandson." 2 Bouvier's Law Dictionary (3d Ed.), p. 2023.

"Lineal.   That which comes in a line; especially a direct line, as from father to son.   Collateral relationship is not called 'lineal,' though the expression 'col-

lateral line' is not unusual." Black's Law Dictionary (2d Ed.), p. 730.

In the early case of *Hillsborough* v. *Deering*, 4 N. H. 86, 93, it was tersely said:

"For John Mead is clearly not bound by law to support the illegitimate child of his daughter, that child not being his grandchild within the meaning of the statute."

It has been held that the acknowledged father of an illegitimate child may not maintain an action for its death under a statute giving a right of action to a father for the death of a child. *McDonald* v. *Railway Co.*, 144 Ind. 459 (43 N. E. 447, 32 L. R. A. 309, 55 Am. St. Rep. 185), and authorities there cited; but the rigor of this rule has been somewhat modified in this State by section 14579, 3 Comp. Laws 1915.

Counsel have called our attention to but one case directly in point. *Splitdorf Electrical Co.* v. *King*, 90 N. J. Law, 421 (103 Atl. 674), affirmed (92 N. J. Law, 524 [105 Atl. 894]) for the reasons stated in the opinion by Justice Bergen. The New Jersey act expressly made illegitimate children residing in the family dependents. The case before the court, as here, involved the question of whether the illegitimate child of a daughter of a deceased workman was a dependent. Mr. Justice Bergen, speaking for the court, said:

"The workmen's compensation act imposes new and extensive obligations upon the employer of workmen in favor of the latter's dependents and expressly defines who are to be included as dependents, among them being the illegitimate children of the workman residing in his family, to whom he owes the duty of maintenance, and to impose a further obligation on the employer, not provided for by the statute, would be legislation and not judicial construction.

"In the absence of anything to the contrary we must conclude that when the legislature made use of the descriptive term 'grandchildren,' it used it in its

ordinary sense and as applicable only to persons who stood legally in that relation to the decedent workman, and not as intending to alter the common-law rule by making one who could not stand in such relation a grandchild.   The legislature had in mind the question of illegitimacy, for it provided for the illegitimate children of the decedent, but went no further, and we are now asked to supply what it omitted by construing the law to include among grandchildren those who have no such legal status.

"If the legislature had intended that the bastard children of a decedent workman's children were his dependents, it could readily have said so, and having omitted to include such persons among the class of dependents entitled to the benefit of the act, the court cannot supply the omission by what would clearly be the exercise of a legislative function."

At common law an illegitimate child was considered *nullius filius*, the son of no one.   This State, in common with most of the States of the Union, has modified in several regards the rigor of the common-law rule.   Provisions are made for the compulsory maintenance of illegitimate children by the putative fathers (2 Comp. Laws 1915, § 7753 *et seq.*) ; the illegitimate child may inherit from its mother but not from her ancestors (3 Comp. Laws 1915, § 11796) ; she may inherit from him (3 Comp. Laws 1915, § 11797) ; the illegitimate child may be legitimated by the subsequent marriage of the parents or by an acknowledgment in writing by the father (3 Comp. Laws 1915, § 11798).   Other provisions not necessary to relate have been enacted but the legislature has not seen fit to give them in all regards the status of legitimate children.   The common law obtains in this State except as modified by statute.   Until modified by statute the courts must administer it.   Unless by judicial legislation we write into the workmen's compensation act a provision not there inserted by the legislature, this plaintiff can not prevail.   It is urged that the

227—Mich.—17.

sins of the parents should not be visited upon this child; all true, but in the absence of statute justifying it their sins should not be visited upon this employer of labor.

The award will be vacated.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.