LEWIS *v.* EKLUND BROTHERS CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PROOFS SUFFICIENT TO SHOW CLAIMANT ILLEGITIMATE SON OF DECEASED.
   In proceedings under the workmen's compensation act in behalf of an infant claimant, the finding of the department of labor and industry that claimant is the illegitimate son of deceased employee, *held,* sustained by the proofs.

2. SAME—ILLEGITIMATE SON LIVING WITH FATHER A DEPENDENT.
   An illegitimate minor son, living with and supported by his father, although not a lineal descendant, is a member of the father's family and a dependent, and therefore entitled to compensation under the workmen's compensation act (2 Comp. Laws 1915, §§ 5435, 5436), on the father's death as a result of a compensable accident.

Illegitimate child as dependent within meaning of workmen's compensation statute, see annotation in L. R. A. 1918F, 485.

3. SAME—ILLEGITIMATE SON LIVING WITH FATHER IN BOARDING
    HOUSE IS MEMBER OF FATHER'S FAMILY.

    An illegitimate minor son, who lived with his father in the home
        of the mother of the son's mother, neither having any other
        home, and the father paying for the son's board, clothes, etc.,
        was a member of his father's family within the meaning of
        the workmen's compensation act (2 Comp. Laws 1915, § 5436),
        entitling him to compensation thereunder as a dependent of
        his father.

Certiorari to Department of Labor and Industry.
Submitted June 12, 1928. (Docket No. 73, Calendar
No. 33,769.) Decided October 1, 1928.

Charles Lewis, guardian of Darlton Manley Moore,
presented his claim for compensation against Eklund
Brothers Company for the accidental death of
Martin Manley in defendant's employ. From an
order awarding compensation, defendant and the
Maryland Casualty Company, insurer, bring certi-
orari. Affirmed.

*Mason, Alexander, Ruttle, Cox & McCaslin (James
E. Coleman,* of counsel), for appellants.

*W. F. Umphrey,* for appellee.

SHARPE, J. Martin Manley, *alias* Ted Strong,
while in the employ of the defendant Eklund
Brothers Company at their lumber camp in School-
craft county, suffered an accidental injury from
which death ensued on March 3, 1927. Darlton
Manley Moore, the infant applicant, is the illegit-
imate son of Gertrude Moore. He was born on
August 28, 1924. It is the claim of his guardian that
he was the illegitimate son of the deceased and a
dependent upon him within the meaning of that word
as used in the workmen's compensation act. The

commission so found, and made an order pursuant thereto. Defendants seek review by certiorari.

1. Relationship. There is ample proof to sustain the finding that the infant claimant was the illegitimate son of the deceased. He was referred to in a letter written by deceased to the mother of the child as "my dear sweet loving boy." The deceased admitted to Gertrude's mother that he was the boy's father, and gave her the money to pay the doctor who attended the daughter at the time of her confinement.

2. Dependency. Section 5435, 2 Comp. Laws 1915, as amended by Act No. 64, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5435), provides:,

"If death results from the injury, the employer shall pay   *   *   *   to the dependents of the employee   *   *   *   a weekly payment."

The last sentence of section 5436 reads as follows:

"No person shall be considered a dependent, unless a member of the family of the deceased employee, or bears to him the relation of husband, or widow, or lineal descendant, or ancestor, or brother, or sister."

In *Roberts* v. *Whaley*, 192 Mich. 133, 138 (L. R. A. 1918 A, 189), it was held that illegitimate children, living with and supported by their deceased father, although not lineal descendants, were members of the family of the deceased and dependents within this provision of the statute. This holding was cited with approval in *Bassier* v. *Construction Co.*, 227 Mich. 251, 252, and it was there said to be "in accord with the great weight of authority in States having statutory provisions similar to ours." It was, however, held in that case that, as the child was living in Belgium with a woman who took charge of her after

her mother's death, she was not a member of the family of the deceased, although he had contributed to her support.

This provision of the statute was construed in *Holmberg* v. *Cleveland-Cliffs Iron Co.*, 219 Mich. 204. In that case, plaintiff's husband deserted her and her four small children. She appealed to the deceased, a cousin and a single man, to come to her aid. He came to live with her and became "the breadwinner for the whole family," turning his pay checks over to her to be used to provide for them. It was said that while—

"under no legal obligation to make a home for plaintiff; his moral obligation, however, to do so rested with him to determine, and the evidence discloses that he assumed such duty in a most comprehensive and worthy manner and carried the burden to the day of his death."

The award of compensation to her as a dependent was affirmed.

The right of the applicant in this case is therefore dependent upon whether the child was a member of the family of the deceased at the time of his death. The facts are not in dispute. The only home which deceased had for a number of years prior to his death was with Mrs. Serena Moore, the mother of Gertrude. He lived with her when working in Evart, paying her weekly for his board. She was separated from her husband, took in boarders, and did work for other families. Gertrude was at her home when the child was born, but has spent little time there since, and has contributed but little, if anything, towards the support of the child. The deceased paid three dollars per week therefor, and besides that bought him "clothes and toys, and articles of that kind." It was the only home that

deceased had. He always returned to it after absence at work outside of Evart. It was agreed between him and Gertrude that the child should remain at his grandmother's. When deceased left for the lumber camp, he gave Mrs. Moore $35 for the keep of the child while he was away "and agreed to settle what was back, when he came back."

Under these facts, the commission found that the child was a member of the family of the deceased at the time of his death. In our opinion this finding was warranted. It is apparent that the deceased at all times recognized the child as his own and treated him as such. He made strenuous effort to induce the mother to marry him, but without success. At the time the child was born, deceased had no home except with Mrs. Moore. He continued to live there, made the home his home, and made provision for the support of the child, giving it such personal attention as a father could under the circumstances.

The family relationship is a social status. If a father takes his children into the home of another and there lives with them and pays for his and their maintenance therein, we think it may fairly be said that he is maintaining himself and his children at such place as a family; that the children are there as members of his family, and the same reasoning would apply if the person thus supported and maintained by him were not a lineal descendant. Had the deceased lost a sister who had a small child, and had he taken that child to the home of Mrs. Moore, where he himself resided, and made similar arrangements with her for its support and maintenance, in our opinion such child would have been considered a member of his family and a dependent upon him at the time of his decease.

In *Peay* v. *Fred Kulow & Co.*, 226 Mich. 512, the right of an aunt to compensation under the act as a dependent upon a nephew who had lived and made his home with her for several years was presented. "The deceased was unmarried and had no home except plaintiff's home." It was urged there, as here, "that no one outside of the specific blood classes can be a dependent unless he or she is *a member of a family of which the deceased was at the head.*" This construction was said to be "too restricted," and the statute was held "to apply to any person who was a member of the same family of which the deceased was a member."

This child was a member of the same family that deceased was a member of, and was therein supported by the deceased. He was therefore within the class of dependents entitled to compensation under the statute.

The award is affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, and POTTER, JJ., concurred. McDONALD, J., did not sit.