WESTFALL *v.* J. P. BURROUGHS & SON.

Workmen's Compensation—Dependents—Illegitimate Posthumous Children.
An illegitimate posthumous child is not a lineal descendant of its father and is not a dependent entitled to benefits of the workmen's compensation act.

Appeal from Department of Labor and Industry. Submitted October 6, 1942. (Docket No. 3, Calendar No. 40,794.) Decided November 24, 1942. Rehearing denied January 19, 1943.

Doris Westfall, a minor, by William Streeter, her guardian, presented her claim for compensation against J. P. Burroughs & Son, employer, and Mich-

igan Mutual Liability Company, insurer, for death of her alleged husband. Petition by Richard C. Fruit, guardian, to join Ramona Elizabeth Westfall as party plaintiff. Rehearing before Department of Labor and Industry to determine rights of Ramona Elizabeth Westfall. Award to defendant. Guardian appeals. Affirmed.

*Graydon G. Withey* and *Earl P. Trobert* (*Richard C. Fruit,* of counsel), for plaintiff and appellant.

*L. J. Carey* and *George J. Cooper,* for defendants.

Butzel, J. In *Westfall* v. *J. P. Burroughs & Son,* 280 Mich. 638, we affirmed the award of the department of labor and industry denying compensation to the alleged common-law wife of the deceased employee, but we reversed the award of the department refusing to permit a posthumous, illegitimate child to intervene and have her day in court. We remanded the case to the department to give the guardian of the child such opportunity. A hearing has been had before the department and it found that such posthumous illegitimate child was not a dependent of the deceased employee. The guardian of the child has appealed and claims that the department based its award only upon questions of law instead of fact.

It is true that the department in its opinion discussed the law which is fully set forth in the minority opinions in *Westfall* v. *J. P. Burroughs & Son, supra.* It stated that under the law of this State an illegitimate child is not a lineal descendant of its reputed father. *Bassier* v. *J. Connelly Construction Co.,* 227 Mich. 251; *Lewis* v. *Eklund Bros. Co.,* 244 Mich. 22. Obviously, an illegitimate posthumous child could not be a member of the household of its father who was not living with the child's mother

and not related to her by a ceremonial or common-law marriage.

We further distinguished the previous case from those which held that posthumous children were dependents and that illegitimate children might be dependents under circumstances not appearing in this case.

In the instant case, the department in its concluding paragraph stated:

"Ramona Elizabeth Westfall, being neither a member of the family of the deceased at the time of the accident, nor a lineal descendant of the deceased, is not a dependent of the deceased, and, therefore, is not entitled to the benefits of the workmen's compensation act."

The award of the department is affirmed, with costs to appellee.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.